UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Timothy W. Johnson | Henry Ben-Zvi |

**Proceedings:** **Defendant's Motion for Attorneys' Fees (Fld 1-5-06)**

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendant's motion for attorneys fees and rules in accordance with the tentative ruling as follows:

This action was brought by Plaintiff Propat International Corporation ("Propat") seeking to enforce patent rights against RPost, Inc., RPost US, Inc., RPost International Ltd., Zafar Khan, Terrance Tomkow, and Kenneth Barton (collectively "Defendants"). In August 2005, the Court granted summary judgment in favor of Propat on the issues of patent infringement and patent validity. In December 2005, however, on cross-motions for summary judgment on the issue of the standing, the Court determined that Propat did not have standing to sue in its own name, dismissed the suit without prejudice, and vacated all prior substantive rulings. Defendants now move for attorneys fees and costs pursuant to 35 U.S.C. Section 285 ("Section 285"), sanctions under 28 U.S.C. Section 1927 ("Section 1927") and the Court's inherent authority, and costs pursuant to 28 U.S.C. Section 1919 ("Section 1919"). For the following reasons, the motion is denied.

I.   LEGAL STANDARD

   A.   Section 285

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorneys fees to the prevailing party." Under Section 285, for a party to be awarded attorneys fees, the following requirements must be met: (1) the case must be exceptional; (2) the court chooses to exercise discretion; (3) the fees must be reasonable; and (4) the party must be a prevailing party. Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1480 (Fed. Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

B. Section 1927

Pursuant to Section 1927, any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personal the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

C. Sanctions Under the Court's Inherent Authority

The Supreme Court has recognized that a court has the inherent power to assess fees and sanctions against parties. Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991). In the Ninth Circuit, conduct that is "tantamount to bad faith" is sanctionable. B.K.B. v. Maui Police Department, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 757 (1980)). Bad faith does not require that the legal and factual basis of the action prove frivolous, but rather where a litigant is motivated by "vindictiveness, obduracy, mala fides," sanctions may be appropriate. Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Furthermore, sanctions are available for several kinds of willful behavior, including frivolousness, harassment, or improper purpose. Id. at 994. Recklessness combined with an improper purpose is also sanctionable. Id.

D. Costs Under Section 1919

Section 1919 provides that when an action is dismissed for want of jurisdiction, a court may order the payment of just costs.

II. DISCUSSION

A. Section 285

The analysis for an award of attorney's fees under Section 285 is a two-part process. Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). First,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

the prevailing party must demonstrate that the case is exceptional. Id. at 1328. Second, the court must determine whether an award of fees is appropriate. Id.

As a preliminary matter, this Court must determine if Defendants are the prevailing party. 35 U.S.C. § 285; Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1319-20 (Fed. Cir. 2004). The Supreme Court has held that a party is "prevailing" when that party receives at least some relief on the merits that alters the legal relationship of the parties. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 604 (2001). The Court in Buckhannon went on to require some "judicial *imprimatur*" on the change in the legal relationship. Id. at 605 (emphasis in original). The Supreme Court has also required that the alteration in the legal relation be material and be "in a manner which Congress sought to promote in the fee statute." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989). The Federal Circuit[1] has interpreted these precedents to hold that in order for a party to achieve prevailing party status, there must be an enforceable judgment on the merits, a court-ordered consent decree, or an equivalent action that carries "sufficient judicial imprimatur to materially alter the legal relationship." Rice Serv., Ltd. v. United States, 405 F.3d 1017, 1026-27 (Fed. Cir. 2005).

In the case at bar, Propat's suit has been dismissed without prejudice because of a lack of standing. Amended Order Granting Defendants' Motion to Dismiss, Nov. 30, 2005, p. 7 ("Amended Order"). Courts have held that a lack standing is not an issue that goes to the merits of the case. H.R. Technologies, Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002); Morgan v. United States, 958 F.2d 950, 951-52 (9th Cir. 1992). Therefore, the Amended Order was not an "enforceable judgement on the merits." Neither was the Amended Order a court-ordered consent decree. United States v. Armour & Co., 402 U.S. 673, 681-83 (1971) ("Consent decrees are entered into by parties to a case after careful negotiation has produced an agreement on their precise terms.").

Therefore, in order for Defendants to achieve "prevailing party" status under the Amended Order, the Amended Order must carry sufficient "judicial imprimatur" to materially alter the legal relationship between the parties. One indication for determining "prevailing party" status is whether the judgment obtained would have res

---

[1] The Federal Circuit has made clear that its law applies to determine if a party is prevailing under Section 285. Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1181 (Fed. Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
|---|---|---|---|
| Title | Propat International Corp. v. Rpost, Inc. | | |

judicata effect as to any claim brought against Defendants in the future with respect to the patent claims at issue in this suit. Inland Steel, 364 F.3d at 1320. Because the Amended Order is a dismissal without prejudice, there is no res judicata effect. In fact, Propat could in theory renegotiate its rights with the patentee and either bring suit jointly with the patentee if Propat is an exclusive licensee or on its own if has obtained all substantial rights. Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1552 (Fed. Cir. 1995); Textile Prod., Inc. v. Mead Corp., 134 F.3d 1481, 1484 (Fed. Cir. 1998). Therefore, the Amended Order does not prevent Propat from refiling its claim.[2]

Furthermore, the Amended Order did not materially alter the legal relationship between the parties. In patent suits, an entry of judgment on the issue of infringement is a relief on the merits that alters the legal relationship of the parties. Inland Steel, 364 F.3d at 1320. In the instant suit, the only finding on the issue of infringement was actually a finding of infringement by Defendants. Order Granting Plaintiff's Motion for Partial Summary Judgment, Aug. 17, 2005, p. 9. That Order, however, was vacated in the Amended Order as a result of a finding of a lack of standing. Therefore, there has been no judgment on the merits and, as a result, no material alteration of the legal relationship between the parties.

Because a dismissal based on a lack of standing is not a decision of the merits, and because the dismissal was without prejudice, thereby not materially altering the legal relationship, the Court finds that Defendants are not prevailing parties as required under Section 285.[3] Therefore, the motion for fees under Section 285 is denied.

B. Section 1927

Defendants also move for sanctions pursuant to Section 1927. Under Section 1927, a district court may sanction any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." Section 1927 requires a finding of recklessness or bad faith. In re Keegan Mgmt. Co., 78 F.3d 431, 436 (9th Cir. 1996). Conduct is

---

[2]The Federal Circuit in H.R. Technologies, 275 F.3d at 1384 noted that a dismissal without prejudice does not bar a second suit as compared to a dismissal with prejudice, which "bars a subsequent action between the same parties or their privies on the same claim."

[3]Because the Defendants are not a prevailing party, the Court need not assess whether Propat's conduct rises to the level of exceptional.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

judged on a subjective basis. MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir. 1991).

Defendants cite five reasons that sanctions should be awarded. First, the filing of the complaint itself was frivolous. (Mot'n, p. 19.) Second, the complaint was filed in a venue that no reasonable attorney would find proper. (Id.) Third, Propat's owner, Mr. Fink, who is a law partner of the counsel of record, Mr. Johnson, had improper motives. (Id.) Fourth, Propat and its attorneys "played hide the ball on contentions of infringement, changing them at strategic times to increase the cost of litigation." (Id.) Fifth, Propat's counsel wrote the expert report. (Id.) The Court will address each allegation in turn.

First, Defendants argue that the filing in the first place was frivolous because no reasonable attorney could have concluded that Propat had standing to bring suit. (Id.) In the Ninth Circuit, however, Section 1927 provides the mechanism for sanctioning conduct that occurs after commencing an action, not for conduct in the filing itself. MGIC, 952 F.2d at 1122 (citing Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988); In re Keegan, 78 F.3d at 435. This law is well-settled. Therefore the filing cannot be the basis for sanctions under Section 1927. This applies to Defendants' second argument as well.

Third, Defendants allege that Propat's owner, Mr. Fink, had bad faith motives for bringing suit, namely to achieve a quick settlement. (Mot'n, p. 19.) Propat argues that an accusation relating to Mr. Fink is insufficient as he is not Propat's attorney. (Opp'n, p. 14.) Moreover, Propat argues that the desire to reach a settlement is not an act that comes within the bounds of Section 1927. (Id.) The Court agrees with Propat that Defendants have failed to show how a desire to settle quickly multiplied or delayed the proceedings in this case.

Fourth, Defendants argue that Propat frequently changed their contentions of infringement in order to increase the costs of litigation. (Mot'n, p.19.) Defendants argue that in each of four different claims charts, Propat represented a wholly different theory of infringement, thereby demonstrating that Propat was playing games. (Id., p. 11.) Propat, on the other hand, explains that the first claims chart was changed because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

the information and documents it relied on were supplied by RPOST and were inaccurate or fiction. (Opp'n, p. 16.) Therefore, in response to interrogatories, Propat used the deposition transcripts from a deposition it had taken as the basis for making the second claim chart. (Id.) Propat further argues that the revised claims charts were not radically different and were merely supplemented and more detailed as more information became available.[4] (Id., p. 19.)

The Court agrees with Propat and does not consider these revisions to be vexatious litigating. Although the Court cannot verify the veracity of Propat's argument that the information relied on was false because Propat provided no factual evidence of this, an examination of the claims charts does not reveal dramatic differences. The reality is that as discovery continues and the parties learn more about the potentially offending products, allegations and contentions will become more detailed and specific. Propat's actions, in response to more discovery, therefore was not vexatious or unnecessary, but rather were in the natural course of litigation.[5]

Finally, Defendants fifth argument for Section 1927 sanctions is based on Propat's counsel involvement with the expert report. Defendants claim that Propat's counsel improperly wrote portions of the report and that the expert wrongfully withheld materials. (Mot'n, pp. 13-14.) Defendants contend that Propat's counsel's refusal to submit to a deposition on this matter is evidence of bad faith. (Id., p. 13.) Propat, on the other hand, argues that the Court already addressed that issue and chose to disregard certain portions of the report in deciding the summary judgment. (Opp'n, p.19.) Having already addressed this issue and having sanctioned Propat by disregarding the portions written by their counsel (August 17, 2005 Order, p. 2), the Court finds monetary sanctions inappropriate. Similarly, the Court already addressed the issue of the damages expert withholding of materials. (September 19, 2005 Order, p. 1; October 3, 2005 Order, pp. 1-2.) In the Reconsideration Order, the Court ordered the expert to supply all materials and ordered Propat to pay the costs of the depositions. As above, the Court considers this a sufficient sanction.

---

[4]Propat warned Defendants that it would supplement its claims chart once Defendants responded to discovery requests. (Compendium of Evidence, Exh. 26, p. 1.)

[5]Furthermore, given that Defendants' actions during discovery of the source code, Defendants are as much to blame for any delay, if not more so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

C. Court's Inherent Authority

A court may award sanctions under its inherent authority when it makes an explicit finding that "counsel's conduct constituted or was tantamount to bad faith." Primus Auto. Fin. Serv., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotations and citations omitted). Such bad faith conduct includes a "broad range of willful improper conduct." Fink v. Gomez, 239 F.3d at 993. Recklessness combined with an improper purpose is also included. Id. Additionally, the Supreme Court has considered wilful abuse of the judicial process sanctionable. Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). Negligent acts, however, do not suffice. Fink, 239 F.3d at 992.

Defendants argue that Propat's counsel knew or should have known that Propat did not have standing and should, therefore be sanctioned for filing suit. (Mot'n, p. 19.) Defendants point out that Mr. Johnson, Propat's counsel, is a registered patent attorney and holds himself out as experienced. (Id., p. 3.) Furthermore, Defendants note that Propat's owner, Mr. Fink was involved in a prior suit that was dismissed for lack of standing. (Id., p. 17.) As such, Defendants argue that Propat's counsel was reckless in bringing the infringement suit knowing that Propat lacked standing. (Id., pp. 6, 16-17.) Moreover, Defendants argue that Mr. Johnson's failure to conduct a pre-filing investigation and his eighteen month delay in handing over the Licensing Agreement evidences knowledge that standing was and issue. (Id.) According to Defendants, these factors show recklessness, bad faith, and improper motive.

Propat, on the other hand argues that its position on standing was not frivolous and its forthrightness with regard to handing over the Licensing Agreement shows that it did not behave recklessly or with bad faith. (Opp'n, p. 11-12.) In addition, Propat argues that Defendants had eighteen months to raise the issue of standing and chose not to. Specifically, Propat avers that it produced the Licensing Agreement in January 2004. Defendants did not raise the issue of standing when it deposed Mr. Fink the following September and in fact, only addressed it in a second deposition in July 2005. Furthermore, Propat points out, and the Court recollects, that is was Propat who initially raised the issue, not Defendants. Propat argues that these factors go against a finding of frivolity or recklessness.

The Court, in its discretion, does not believe sanctions are warranted. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

the Court found that the rights granted in the Licensing Agreement were not sufficient to allow for standing, either alone or jointly with the patentee, Propat relied on its own interpretation of the Licensing Agreement in defining its rights and in determining that it did have standing.  In the Amended Order Granting Defendants' Motion to Dismiss, the Court determined that, by the terms of the Licensing Agreement, Propat did not have an exclusive right to practice the invention and did not have an exclusive right to sue. (November 30, 2005 Order, p. 6.)  Propat, however, interpreted its right to sue as exclusive.  Though Propat was wrong, Propat's interpretation or behavior was not so reckless as to warrant sanctioning.

Furthermore, Defendants contend that Propat had an improper motive, namely quick settlement of this suit. (Mot'n, p.1).  Defendants contend that Propat's counsel acted in bad faith in attempting to achieve this improper motive. Specifically, Defendants charge that Propat made threats.  For example, Defendants' point to an email from Mr. Fink to RPOST, where Mr. Fink wrote the RPOST's recent success "will prove to be a lonely event in the history of RPOST and is unlikely to be repeated if the litigation continues to its natural end." (Compendium of Evidence, Exh. 19.)  According to Defendants, this was a threat that litigation would have a substantial collateral effect of RPOST's ability to raise money. (Mot'n, p. 8.)  Defendants also present evidence that Mr. Fink wrote threatening letters to RPOST's customers. (Compendium of Evidence, Exh. 20.)  Moreover, Defendants contend that counsel's involvement with the expert report and failure to conduct a pre-filing investigation is further evidence of bad faith litigation.

As mentioned above, the issues relating to the experts were previously addressed by this Court.  Furthermore, the Court does not find the threats rising to the level of sanctionable conduct.  Additionally, a desire to settle quickly is not an improper motive, especially considering that infringement was found. (August 17, 2005 Order.)  Finally, though a failure to conduct a pretrial investigation is negligent and may even rise to the level of recklessness, without an improper motive or bad faith, it alone does not warrant sanctions in this case.  The Court therefore, in its discretion, chooses not to award sanctions under its inherent authority.

D.   Section 1919

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1011 JVS (VBKx) | Date | February 6, 2006 |
| Title | Propat International Corp. v. Rpost, Inc. | | |

As described above, Section 1919 allows a court to award "just costs" when a suit is dismissed for want of jurisdiction. Where a plaintiff does not have standing to sue, the suit must be dismissed for lack of subject matter jurisdiction. <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1140 (9th Cir. 2003); <u>Rite-Hite, Corp. v. Kelley Co., Inc.</u>, 56 F.3d 1538, 1551 (Fed. Cir. 1995). Because this suit was dismissed because of a lack of standing, Section 1919 affords this Court discretion to award just costs to Defendants. The decision, however, is in the discretion of this Court, and this Court chooses not to award costs.

The conduct of Propat and RPost and their counsel in this case fell far short of a model prosecution and defense of a patent action, and an assessment that they met the minium expectations would be a generous one. Although the Court was ultimately asked to construe only a handful of terms at the <u>Markman</u> hearing, the process of arriving at that point was protracted and best characterized as uncooperative gamesmanship. .RPost's production of its source code, in PDF format rather than machine readable, in response to the Court's direction to make electronic production was a consummate act of high-tech nose thumbing. The role of Propat's counsel in the preparation of the expert report tendered on behalf of Propat raised substantial questions. No purpose would be served in listing other incidents. Suffice it to say, that these and other incidents cause the Court to leave the parties where it finds them on the Section 1919 claims as well as the others raised by this Motion.

III. <u>CONCLUSION</u>

For the foregoing reasons, the motion for attorneys fees, sanctions, and costs is denied.



Initials of Preparer